The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Mitchell A. SHEPARD, Jr., Defendant–Appellant.

No. 04CA1644.

Colorado Court of Appeals, Div. IV.

July 13, 2006.

Rehearing Denied Nov. 30, 2006.

John W. Suthers, Attorney General, Catherine P. Adkisson, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Mitchell A. Shepard, Jr., Pro Se.

Opinion by Judge CASEBOLT.

Defendant, Mitchell A. Shepard, Jr., appeals the orders denying his motions for postconviction relief. We affirm.

Preliminarily, we grant the People's request that we take judicial notice of the record in *People v. Shepard,* (Colo.App. No. 99CA0948, Nov. 24, 2000) (not published pursuant to C.A.R. 35(f)). The following history is prepared from that record as well as the record in this case.

### I. Trial Court History

In 1992, defendant was convicted of theft of more than $10,000, a class three felony. The trial court sentenced him to ten years of probation, required him to pay restitution and fees of $70,483.94, and required him to complete 300 hours of community service.

Defendant filed an appeal but failed to perfect it, resulting in a dismissal of the appeal with prejudice in August 1993.

In 1994, defendant's probation officer filed a complaint seeking to revoke his probation, asserting that defendant had failed to pay restitution and to complete community service. On June 21, 1996, defendant pleaded guilty to the probation revocation complaint. The trial court revoked his probation, and on June 4, 1999, it resentenced him to six years

in community corrections. However, in September 1999, defendant was rejected from community corrections for committing multiple rule violations. Following a hearing in January 2000, the trial court resentenced him to six years in the custody of the Department of Corrections (DOC). Defendant did not directly appeal any aspect of that resentencing.

## II. Postconviction Court History

Meanwhile, in 1998, defendant had filed a Crim. P. 35(c) motion for postconviction relief, asserting that his conviction should be vacated because he was improperly denied the right to appeal his original conviction when the trial court failed to appoint appellate counsel to represent him. The postconviction court agreed with defendant that he had been unconstitutionally denied his right to appeal. However, relying upon *Cruz v. People*, 157 Colo. 479, 405 P.2d 213 (1965), the court declined to vacate the conviction. Instead, it employed the remedy set forth in *Cruz*, a case involving similar circumstances, and appointed counsel to investigate whether any reversible error had occurred during defendant's underlying trial and to pursue any error in an appeal from the ruling on his postconviction motion.

Appointed counsel pursued an appeal, asserting that the evidence was insufficient to sustain defendant's theft conviction. A division of this court disagreed. *People v. Shepard, supra.*

In May 2004, defendant filed a new motion seeking to vacate the judgment of conviction, and a motion to vacate his sentence under Crim. P. 35(a). The trial court denied both motions. This appeal followed.

## III. Time Bar and Successiveness

■ Defendant asserts the trial court erred in denying his motion to vacate the judgment of conviction as time barred and successive. We disagree.

■ As pertinent here, claims for postconviction relief are subject to a three-year time limitation, which runs from the date a conviction is final. Section 16–5–402(1), C.R.S. 2005; Crim. P. 35(c); *People v. Alexander,*

129 P.3d 1051 (Colo.App.2005). A conviction is final on the date the defendant's direct appeal has been exhausted if an appeal is pursued, or on the date of sentencing if no appeal is pursued. *People v. Hampton,* 876 P.2d 1236 (Colo.1994).

Here, defendant initiated a direct appeal, but it was dismissed with prejudice on August 30, 1993. Accordingly, the three-year limitation period began to run, at the latest, from that date, and defendant's 2004 motions cognizable under Crim. P. 35(c) are therefore time barred, unless the three-year limitation period is calculated employing a different date or is otherwise inapplicable.

### A. "Reinstated" Appeal

Defendant argues that the postconviction court "reinstated" his direct appeal when, in ruling on his 1998 Crim. P. 35(c) motion, it appointed counsel to raise on appeal any issue potentially warranting reversal of his conviction. Because, his argument proceeds, that appeal did not conclude until the supreme court denied certiorari and the mandate issued on July 12, 2001, his motion to vacate the judgment, filed in May 2004, is timely. We do not agree.

In ruling on defendant's 1998 Crim. P. 35(c) motion, the postconviction court did not indicate that it was reinstating defendant's direct appeal. Instead, the court based its ruling on Crim P. 35(c)(3), which allows a court to correct any violation of a defendant's constitutional rights in a postconviction proceeding, and upon *Cruz v. People, supra,* which allows a proceeding under Crim. P. 35 to review asserted errors in the underlying case where constitutional violations of a defendant's right to appeal have occurred.

Moreover, when defendant's claim came before a division of this court in 2000 on appeal from the denial of his Crim. P. 35(c) motion, the division treated the appeal as arising under Crim P. 35(c), stating as the opening sentence in its opinion: "[Defendant] appeals the trial court order partially denying his Crim. P. 35(c) motion for postconviction relief." *People v. Shepard, supra.*

Under the circumstances, we conclude that the postconviction court did not reinstate de-

fendant's direct appeal. *See Cruz v. People, supra.* Hence, defendant's conviction was final no later than August 1993, and his motion to vacate the judgment is time barred, except to the extent that § 16–5–402(1) does not apply.

### B. Scope of § 16–5–402(1)

■ Defendant contends that his claims are not time barred because they do not fall under § 16–5–402(1). We conclude that only one claim does not arise under that provision.

A postconviction motion filed outside the time limits set forth in § 16–5–402(1) must allege facts that, if true, would establish one of the exceptions listed in § 16–5–402(2), C.R.S.2005:

(a) A case in which the court entering judgment of conviction or entering adjudication did not have jurisdiction over the subject matter of the alleged offense;

(b) A case in which the court entering judgment of conviction or entering adjudication did not have jurisdiction over the person of the defendant or juvenile;

(c) Where the court hearing the collateral attack finds by a preponderance of the evidence that the failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of the defendant or juvenile to an institution for treatment as a mentally ill person; or

(d) Where the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

Defendant listed the following grounds for relief in his motion to vacate the judgment: (1) he received ineffective assistance of counsel at trial; (2) there was insufficient evidence of theft because the victim did not lose any money; (3) he was denied a fair trial and notice of the charges against him because of the way in which the court instructed the jury; (4) the court judicially amended the information in the jury instructions; (5) the court broadened the charges against him without notice and thereby reduced the prosecution's burden of proof; (6) the court

lacked subject matter jurisdiction because the victim did not lose any money; and (7) the order of restitution was the functional equivalent of imprisonment for debt. The court ruled that only defendant's sixth claim fit an exception in § 16–5–402(2). We agree with that determination.

Defendant's sixth claim alleged that the trial court lacked subject matter jurisdiction. This claim squarely fits the exception to the time bar set forth in § 16–5–402(2)(a).

Defendant contends that his second and sixth claims alleged that there was insufficient evidence that the victim lost money and, therefore, the court should not have treated one as time barred. But the two claims are distinguishable because defendant's sixth claim alleges that the court lacked subject matter jurisdiction and the second claim does not.

Accordingly, the court did not err in determining that all claims except defendant's sixth claim were time barred under § 16–5–402(1).

### IV. Lack of Subject Matter Jurisdiction

■ Defendant contends that the trial court lacked subject matter jurisdiction because there was insufficient evidence to convict him of theft in that the victim did not lose any money. However, a division of this court addressed and rejected this claim in affirming the order denying his 1998 Crim. P. 35(c) motion. Thus, we will not consider it again. *See DePineda v. Price,* 915 P.2d 1278 (Colo.1996)(a defendant may not use a proceeding under Crim. P. 35 to relitigate issues fully and finally resolved in an earlier proceeding).

We disagree with defendant's contention that *People v. Wright,* 662 P.2d 489 (Colo. App.1982), *aff'd,* 690 P.2d 1257 (Colo.1984), requires us to consider the issue a second time. In *Wright,* the court concluded that principles of collateral estoppel do not apply to postconviction proceedings and exercised its discretion to re-examine an issue that had already been addressed in a prior proceeding. However, the fact that a court is not precluded from considering a successive motion for postconviction relief does not require

it to do so. *See* Crim. P. 35(c)(3) (version in effect before 2004 amendment) (the court need not entertain a second motion or successive motions for similar relief based upon the same or similar allegations of behalf of the same prisoner).

Here, the court acted properly in declining to reconsider an issue that had already been resolved against defendant in a prior postconviction proceeding. *See People v. Davis,* 759 P.2d 742 (Colo.App.1988) (once a claim has been raised and resolved on appeal, it cannot be raised again in a later Crim. P. 35 proceeding).

## V. Motion to Vacate Sentence Under Crim. P. 35(a)

■ Defendant asserts the trial court erred in denying his motion to vacate his sentence under Crim. P. 35(a). Because we conclude that these claims are cognizable only under Crim. P. 35(c) and are time barred, we disagree.

In his motion, defendant asserted four grounds for relief: (1) the revocation of probation was unlawful because the court did not determine his ability to pay restitution; (2) the sentence to community corrections was illegal because he was denied a fair hearing; (3) his rejection from community corrections was based on invalid reasons; and (4) the court failed to consider his serious medical needs.

On appeal, he contends: (1) he did not plead guilty to the parole revocation complaint; (2) the revocation of probation was unlawful because the court did not determine his ability to pay restitution; and (3) the court failed to consider his serious medical needs.

We will address only the last two claims, because those arguments are the only ones that defendant both raised in his Crim P. 35(a) motion and renews on appeal. *See People v. Goldman,* 923 P.2d 374 (Colo.App.1996)(allegations not raised in a postconviction motion and thus not ruled on by the trial court are not properly before this court for review).

### A. Ability to Pay Restitution

Defendant contends the revocation of his probation was unlawful because the court did not determine whether he was able to pay restitution. He relies on *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), in which the Supreme Court held that a sentencing court cannot revoke a defendant's probation for failure to pay restitution absent evidence and findings that he was responsible for the failure. *See also Strickland v. People,* 197 Colo. 488, 594 P.2d 578 (1979); *People v. Romero,* 192 Colo. 106, 559 P.2d 1101 (1976). However, this claim is not cognizable under Crim. P. 35(a).

Motions under Crim. P. 35(a) are filed for the purpose of correcting illegal sentences. An illegal sentence is one that is inconsistent with the statutory scheme outlined by the legislature. *See People v. Rockwell,* 125 P.3d 410 (Colo.2005); *Delgado v. People,* 105 P.3d 634 (Colo.2005); *Downing v. People,* 895 P.2d 1046 (Colo.1995); *People v. Dist. Court,* 673 P.2d 991 (Colo.1983); *People v. Green,* 36 P.3d 125 (Colo.App.2001); *People v. Reynolds,* 907 P.2d 670 (Colo.App.1995).

Here, defendant does not contest the legality of the sentence he received upon revocation of his probation. Instead, he challenges the procedure by which the court revoked his probation. In essence, his claim is that he was denied due process of law.

Courts addressing revocation of probation for failure to pay restitution have done so on due process grounds. *See Bearden v. Georgia, supra* (due process and equal protection principles converge in the analysis of whether a court may revoke a defendant's probation for failure to pay restitution without a finding of ability to pay); *People v. McCarty,* 851 P.2d 181 (Colo.App.1992) (due process of law requires that a defendant be afforded the opportunity to present evidence that he lacked the ability to pay before he is made to suffer adverse consequences for failure to pay restitution), *aff'd,* 874 P.2d 394 (Colo. 1994); *People in Interest of C.J.W.,* 727 P.2d 870 (Colo.App.1986)(the adequacy of a court's findings in probation revocation proceedings is determined on a case-by-case basis with fundamental fairness remaining the touchstone of due process).

Thus, we conclude defendant's claim is not one arising under Crim. P. 35(a). Instead, it is properly brought under Crim. P. 35(c), which permits motions for postconviction relief on the ground that the conviction was obtained or sentence was imposed in violation of the state or federal constitution. *See* Crim. P. 35(c)(2)(I); *Robbins v. People*, 107 P.3d 384 (Colo.2005); *People v. Vigil*, 983 P.2d 805 (Colo.App.1999).

Because defendant relies upon grounds that may only be considered under Crim. P. 35(c), his motion is subject to the time bar of § 16–5–402(1). Even if we were to compute the commencement of the three-year time bar from the date of defendant's resentencing in January 2000, his motion was not filed until May 2004, which is beyond the three-year time frame. Hence, this claim is time barred. And contrary to defendant's contention, although the People did not assert the time bar in the trial court, we may nevertheless consider it. *See* § 16–5–402(1.5), C.R.S. 2005 (authorizing appellate court to apply time bar even though issue not raised in the trial court); C.A.R. 1(d); *Vega v. People*, 893 P.2d 107 (Colo.1995) (an appellate court has discretion to notice an issue not raised in the trial court).

### B. Serious Medical Needs

Defendant also contends the court failed to consider his serious medical needs in revoking his probation and sentencing him to six years in DOC. Although defendant did not label it as such, the court considered this claim as a motion for sentence reconsideration under Crim. P. 35(b) and denied it because it, too, was time barred. We agree with that determination.

A motion under Crim. P. 35(b) permits the trial court to reconsider the fairness of the sentence. *People v. Dunlap*, 36 P.3d 778 (Colo.2001).

For purposes of Crim. P. 35(b), a conviction is final 120 days after the imposition of sentence if the conviction is not directly appealed. Once a conviction is final, the trial court has no jurisdiction to review the propriety of the sentence. *People v. Akins*, 662 P.2d 486 (Colo.1983); *People v. Lyons*, 44 Colo.App. 126, 618 P.2d 673 (1980).

However, when a defendant is originally sentenced to probation and that sentence is revoked, and the defendant is resentenced to DOC, he is entitled to file a motion for reduction of the later sentence under Crim. P. 35(b). *People v. Arnold*, 907 P.2d 686 (Colo.App.1995).

Here, defendant's conviction was final at the latest in August 1993, when his direct appeal was dismissed with prejudice. He was resentenced to DOC in 2000 upon revocation of his probation. Regardless of which date is used for calculating the 120–day period, defendant's claim that the court failed to consider his medical needs upon resentencing is time barred under Crim. P. 35(b).

The orders are affirmed.

CARPARELLI and ROMÁN, JJ., concur.