**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Lloyd E. COLLIER, Defendant–Appellant.**

**No. 05CA0897.**

Colorado Court of Appeals, Div. I.

Nov. 30, 2006.

John W. Suthers, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Lloyd E. Collier, Pro Se.

Opinion by Judge BERNARD.

Defendant, Lloyd E. Collier, appeals the trial court order denying his motion for postconviction relief. We affirm.

## I. Background

The following facts are undisputed. In 2001, defendant pleaded guilty to sexual assault on a child, § 18–3–405(1), C.R.S.2006, a class four felony. On June 29, 2001, defendant was given a suspended sentence of eight years to life in the custody of the Department of Corrections (DOC) and placed on probation. Defendant violated the conditions of his probation, however, and he was resentenced to the DOC in June 2004.

On February 15, 2005, defendant filed a motion to correct an illegal sentence under Crim. P. 35(a). The trial court found that, in substance, defendant's motion challenged the constitutionality of his sentence. Thus, the court treated the motion as having been brought pursuant to Crim. P. 35(c) and ruled it was time barred pursuant to § 16–5–402, C.R.S.2006. The court also denied the motion on the merits.

## II. Crim. P. 35(a) or (c)

■ Defendant contends his postconviction motion is cognizable under Crim. P. 35(a). We disagree, except as to one claim.

The substance of a postconviction motion controls whether it is designated as a Crim. P. 35(a) or 35(c) motion. *See People v. Shepard,* 151 P.3d 580, 2006 WL 1914093 (Colo. App. No. 04CA1644, July 13, 2006) (considering defendant's Crim. P. 35(a) motion as a 35(c) motion based on its content); *People v. Green,* 36 P.3d 125 (Colo.App.2001)(same).

■ Crim. P. 35(a) provides: "The court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." A sentence is "not authorized by law" if it is inconsistent with the statutory scheme outlined by the legislature. *People v. Wenzinger,* 155 P.3d 415, 2006 WL 1493802 (Colo.App. No. 04CA2322, June 1, 2006); *see People v. Rockwell,* 125 P.3d 410 (Colo.2005); *Delgado v. People,* 105 P.3d 634 (Colo.2005); *People v. Green, supra.*

■ Crim. P. 35(a) is the proper procedural vehicle for a defendant to use to challenge an illegal sentence. *People v. Rockwell, supra.* A sentence is illegal if it is "inconsistent with the statutory scheme outlined by the legislature," and an allegation that a sentence is illegal raises questions about the sentencing court's subject matter jurisdiction. *People v. Rockwell, supra,* 125 P.3d at 414.

Motions under Crim. P. 35(c) are the proper postconviction route in which to challenge convictions or sentences as unconstitutional. *See* Crim. P. 35(c)(2)(I) (providing for relief where the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state); Crim. P. 35(c)(2)(II) (providing for relief where the applicant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state);

*People v. Shepard, supra; People v. Wenzinger, supra.*

Defendant's motion asserts five claims that his conviction and sentence are unconstitutional, which are cognizable under Crim. P. 35(c), and one claim that his sentence was imposed in an illegal manner, which is cognizable under Crim. P. 35(a).

### III. Statute of Limitations for Crim. P. 35(c) Motions

■ Unlike Crim. P. 35(a) motions, Crim. P. 35(c) motions are subject to § 16–5–402(1), C.R.S.2006, which provides in all cases involving felony offenses other than class one felonies, a collateral attack must be brought within three years of the date of conviction. *People v. Abeyta,* 923 P.2d 318 (Colo.App. 1996).

■ For purposes of § 16–5–402 and postconviction review, if there is no direct appeal, a conviction occurs when the trial court enters judgment and sentence is imposed. *People v. Hampton,* 857 P.2d 441 (Colo.App. 1992), *aff'd,* 876 P.2d 1236 (Colo.1994).

In this case, there was no direct appeal, and defendant's sentence was imposed on June 29, 2001. He filed his postconviction motion on February 15, 2005, which was outside the three-year statute of limitations.

The fact that defendant was resentenced to the DOC in June 2004 upon revocation of his probation does not alter our conclusion. *See People v. Cummins,* 37 P.3d 507 (Colo.App. 2001)(for purpose of determining timeliness of Crim. P. 35(c) motion, operative sentence is the one imposed upon judgment of conviction, not the one subsequently imposed upon revocation of probation); *People v. Metcalf,* 979 P.2d 581, 583 (Colo.App.1999) (rejecting defendant's claim that three-year period ran anew upon modification of sentence: "If we were to accept defendant's position, any time a court modified a sentence ... it would result in a new three-year window for the filing of collateral attacks on convictions under Crim. P. 35(c). We find no indication in the statutes or the rules that such a result was ever intended.").

### IV. Analysis

We conclude that the trial court properly denied defendant's motion because all his claims are time barred.

### A. *Apprendi–Blakely* Error

■ Defendant contends the trial court aggravated his sentence in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). This claim is cognizable under Crim. P. 35(c) and not Crim. P. 35(a), and is, therefore, time barred. *See People v. Wenzinger, supra,* 155 P.3d at 419 ("*Apprendi* or *Blakely* error does not undermine a court's statutory authority to impose sentence or otherwise deprive the court of jurisdiction."); *People v. Gardner,* 55 P.3d 231 (Colo.App.2002)(treating *Apprendi* challenge as a Crim. P. 35(c) claim).

### B. Double Jeopardy

■ Defendant next contends the trial court sentenced him to two punishments for the same crime, in violation of the Fifth Amendment prohibition against double jeopardy. We conclude this claim is also properly brought under Crim. P. 35(c).

The supreme court, in *Graham v. Cooper,* 874 P.2d 390 (Colo.1994), treated a defendant's claim his sentence was illegally increased upon amendment of the mittimus, in violation of the constitutional prohibition against double jeopardy, as being properly filed pursuant to Crim. P. 35(a).

However, *Graham* does not apply here because it was decided before the most recent amendments to Crim. P. 35. Prior to 2004, there was some overlap in the language of Crim. P. 35(a) and 35(c). *See People v. Green, supra,* 36 P.3d at 127–28 ("[T]he language of [former] Crim. P. 35(a) and Crim. P. 35(c)(2)(IV) [now repealed] overlaps to some extent. Crim. P. 35(a) states, as relevant here, that '[t]he court may correct an illegal sentence at any time.' Crim. P. 35(c)(2)(IV) is more specific and states that post-conviction relief under Crim. P. 35(c) may be sought if 'the sentence imposed exceeded the maximum authorized by law, or is otherwise

not in accordance with the sentence authorized by law.' ").

The term "illegal sentence" does not appear in the current version of Crim. P. 35(a). That phrase has been replaced with "a sentence that was not authorized by law." *People v. Wenzinger, supra.* Thus, under the current version of Crim. P. 35(a), the only circumstance in which a sentence is "not authorized by law" is when it is inconsistent with the statutory scheme outlined by the legislature. *People v. Wenzinger, supra* (citing *People v. Rockwell, supra* ).

Because there is no longer any overlap between Crim. P. 35(a) and 35(c), and because Crim. P. 35(c) is now the only rule that provides for relief for constitutional claims, we conclude *Graham v. Cooper, supra,* does not control. *See also People v. Shepard, supra* (Crim. P. 35(c) allows motions for postconviction relief based upon allegations a sentence was imposed in violation of the federal or state constitution); cf. *Forma Scientific, Inc. v. BioSera, Inc.,* 960 P.2d 108 (Colo.1998)(recognizing cases interpreting Fed.R.Evid. 407 were superseded by amendments to the rule).

Further, defendant's claim is different from the claim the supreme court considered in *Graham.* Graham raised the issue of whether a second amended mittimus violated his right to be free from double jeopardy by increasing the length of his sentence after he had begun serving it. *See People v. Chavez,* 32 P.3d 613 (Colo.App.2001) (increasing a lawful sentence after it has been imposed and a defendant has begun to serve it may, in certain situations, constitute double jeopardy). Here, the sentences of which defendant complains were imposed together when defendant was sentenced, and so there is no issue of whether his sentence was increased after it was imposed and he had begun serving it.

Also, defendant does not claim his sentence is inconsistent with the statutory scheme; he only claims it violates double jeopardy. We therefore conclude defendant's claim is cognizable under Crim. P. 35(c). *See People v. Shepard, supra* (concluding defendant's due process claim, brought under Crim. P. 35(a), was cognizable

under Crim. P. 35(c) only). Accordingly, this claim is also time barred.

## C. Equal Protection

Defendant further contends the Colorado Sex Offender Lifetime Supervision Act, § 18–1.3–1001, et seq., C.R.S.2006, violates his right to equal protection of the law because it allows judges to impose different sentences for substantially similar crimes.

This is not a Crim. P. 35(a) claim because defendant does not argue his sentence is inconsistent with the statutory scheme. *See* Crim. P. 35(a); *People v. Shepard, supra; People v. Wenzinger, supra.* Instead, defendant's claim is that the sentencing scheme set forth in the Colorado Sex Offender Lifetime Supervision Act violates equal protection of the laws and is therefore unconstitutional.

This claim is also cognizable under Crim. P. 35(c). *See People v. Shepard, supra,* and is time barred.

## D. Opportunity to be Heard

Defendant next contends the Colorado Sex Offender Lifetime Supervision Act violates his right to due process of law because it does not provide for a continuing opportunity to be heard and does not give offenders a meaningful chance to demonstrate their rehabilitation.

Again, this is not a Crim. P. 35(a) claim because defendant does not argue his sentence is inconsistent with the statutory scheme, *see People v. Wenzinger, supra,* but instead argues his sentence is unconstitutional. *See People v. Shepard, supra.* This claim is likewise time barred.

## E. Screening Test

Defendant argues his due process rights were violated because the trial court used an unreliable test, the Sexually Violent Predator Assessment and Screening Instrument, in sentencing him. This claim falls under Crim. P. 35(c) because defendant alleges his sentence was imposed in violation of a provision of the federal constitution, Crim. P. 35(c)(2)(I), and is, therefore, time barred.

F.  Psychological and Physiological Testing

 Defendant submits he was not given the complete range of psychological and physiological testing required for his sex offender evaluation before he was sentenced. Defendant asserts such testing is required by §§ 16–11.7–104 and 16–11.7–105, C.R.S.2006.

In essence, defendant's claim is that his sentence was imposed in an illegal manner. Such a claim was properly brought under Crim. P. 35(a), but had to be asserted within 120 days of sentencing. *See* Crim. P. 35(a); *People v. Wenzinger, supra.* Thus, it, too, is time barred.

G.  Conclusion

Defendant filed his motion more than three years after he was sentenced. Thus, all six of his claims are time barred, and the trial court did not err in so ruling. Because we reach this conclusion, we do not address the merits of the motion.

V.  Appointment of Counsel

Defendant contends the trial court erred in declining to appoint counsel to assist him in this proceeding. We disagree.

A defendant does not have a Sixth Amendment right to counsel in postconviction proceedings. *Duran v. Price,* 868 P.2d 375 (Colo.1994). While a trial court has the authority to appoint counsel in Crim. P. 35(c) proceedings, it may decline to exercise that authority when the asserted claim is wholly unfounded, as here. *See Duran v. Price, supra.*

Hence, the trial court did not err in declining to appoint counsel.

The order is affirmed.

Judge MÁRQUEZ and Judge ROTHENBERG concur.