18CA1614 Peo v Fletcher 12-16-2021 COLORADO COURT OF APPEALS Court of Appeals No. 18CA1614 Arapahoe County District Court No. 99CR1397 Honorable Elizabeth A. Weishaupl, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Charles William Fletcher III, Defendant-Appellant. ORDER AFFIRMED Division III Opinion by JUDGE FURMAN Lipinsky and Brown, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced December 16, 2021 Philip J. Weiser, Attorney General, Lisa K. Michaels, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Charles William Fletcher III, appeals the postconviction court’s order denying his most recent Crim. P. 35(c) motion. We affirm. ¶ 2 A jury found Fletcher guilty of attempted second degree murder, second degree kidnapping, first degree assault, two counts of aggravated robbery, two counts of second degree assault, and conspiracy to commit aggravated robbery. ¶ 3 The trial court also found him guilty on eight habitual criminal counts and imposed consecutive sentences totaling 320 years in the custody of the Department of Corrections. ¶ 4 On direct appeal, a division of this court affirmed Fletcher’s convictions but reversed his sentences in part and remanded for the trial court to impose some of the sentences concurrently. See People v. Fletcher, (Colo. App. No. 03CA0182, Aug. 10, 2006) (not published pursuant to C.A.R. 35(f)). The trial court adjusted the sentences on remand accordingly. ¶ 5 Over the next six years, Fletcher filed several postconviction motions properly construed as Crim. P. 35(c) motions that the postconviction court denied. Fletcher appealed the last of the denied rulings and a division of this court affirmed. See People v. 
2 Fletcher, (Colo. App. No. 14CA2143, Mar. 3, 2016) (not published pursuant to C.A.R. 35(f)). ¶ 6 Then, in 2017, Fletcher filed this postconviction motion, which he first labeled as a habeas corpus petition, and then labeled as a Crim. P. 35(a) motion. In this motion, Fletcher claimed that (1) his habitual sentences were “constitutionally infirm”; (2) he was entitled to a jury trial on his habitual charges; and (3) the prosecution illegally filed the habitual criminal counts after the jury was sworn in. The postconviction court issued a written order construing the motion as a Crim. P. 35(c) motion and summarily denying it on the grounds that it was time barred and successive. ¶ 7 Fletcher raises these same three claims on appeal and asks us to read his pro se motion liberally to include a fourth claim that his habitual sentence was illegal because the trial court did not separately arraign him on the habitual criminal charges. ¶ 8 We review the summary denial of Fletcher’s postconviction motion de novo. People v. Medina, 2019 COA 103M, ¶ 4. Because the postconviction court properly construed each of Fletcher’s claims as a Crim. P. 35(c) claim and properly concluded that the claims were time barred, we affirm. 
3 I. Fletcher’s Claims Were Crim. P. 35(c) Claims ¶ 9 We first conclude that the postconviction court did not err in concluding that Fletcher’s claims were all properly construed as Crim. P. 35(c) claims. ¶ 10 “The substance of a postconviction motion” determines what type of Crim. P. 35 motion it is. People v. Collier, 151 P.3d 668, 670 (Colo. App. 2006). Crim. P. 35(a) allows a court to “correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time.” But “[m]otions under Crim. P. 35(c) are the proper postconviction route in which to challenge convictions or sentences as unconstitutional.” Collier, 151 P.3d at 670. Unlike Crim. P. 35(a) motions, Crim. P. 35(c) motions are subject to the time limits of section 16-5-402(1), C.R.S. 2021. See Collier, 151 P.3d at 671. A. The Two Clearly Constitutional Claims ¶ 11 Fletcher claimed that his prior convictions are “constitutionally infirm” and that he is entitled to a jury trial on the habitual criminal charges. So, the postconviction court properly construed these two claims as constitutional Crim. P. 35(c) claims. 
4 See id. On appeal, Fletcher does not contest the postconviction court’s conclusion on those issues. B. The Claim Regarding the Timing of the Prosecution’s Filing of the Habitual Criminal Charges ¶ 12 For the third issue, Fletcher challenged the prosecution’s filing of the habitual criminal counts after the jury was sworn in. On appeal, he asserts that this is a jurisdictional claim or illegal sentence claim under Crim. P. 35(a). We disagree. ¶ 13 The record shows that the prosecution filed a “motion to file habitual criminal counts” early in the pretrial proceedings, which the trial court granted over a defense objection. However, it was not until after the jury was sworn at trial that the prosecution actually filed the habitual criminal charges. The trial court accepted the filing of those charges, again over a defense objection. ¶ 14 Fletcher relies on People v. Palmer, 2018 COA 38, and People v. Manyik, 2016 COA 42, to argue that the allegedly late filing of the habitual criminal charges deprived the trial court of jurisdiction or resulted in an illegal sentence. In both cases, divisions of this court on direct appeal held that the late amendment of an information to 
5 add a crime of violence count violated Crim. P. 7(e). See Palmer, ¶¶ 8-23; Manyik, ¶¶ 43-57. ¶ 15 But these cases don’t help him. Both Palmer and Manyik involved direct appeals, not Crim. P. 35(a) claims. And neither of those divisions held that those late amendments deprived the courts of jurisdiction or resulted in illegal sentences. Notably, the Palmer division specifically emphasized that, “unlike the situation where the prosecutor amends the information to bring a habitual criminal count, the amendment to the information in this case changed the facts that needed to be proved to the jury’s satisfaction at trial, and not simply facts that needed to be proved before sentencing.” Palmer, ¶ 21. ¶ 16 The timing of the prosecution’s filing of the habitual charges did not deprive the trial court of jurisdiction. The filing of the habitual criminal charges gave the trial court jurisdiction over the charges because “[t]he filing of an information or complaint in the district court by the district attorney gives the court subject matter jurisdiction of the offense charged.” Secrest v. Simonet, 708 P.2d 803, 806 (Colo. 1985). And because section 18-1.3-803(6), C.R.S. 2021, allows the prosecution to add habitual criminal charges after 
6 trial but before sentencing under certain circumstances, we conclude that the late filing of the charges was not so fundamental as to deprive the court of jurisdiction. ¶ 17 And the timing of the prosecution’s filing of the habitual criminal charges does not render Fletcher’s sentences illegal. See People v. Jenkins, 2013 COA 76, ¶ 11 (“An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature.”). ¶ 18 Because the timing of the filing did not deprive the court of jurisdiction or render his sentences illegal, Fletcher has not shown that the postconviction court erred in construing this claim as a Crim. P. 35(c) claim. C. The Claim Regarding Not Arraigning Fletcher on the Habitual Criminal Charges ¶ 19 Lastly, on appeal, Fletcher raises a new claim that the trial court lacked jurisdiction over the habitual criminal counts because he was not arraigned on those counts under section 18-1.3-803(3), (6) (formerly section 16-13-103(3), (6)). 
7 ¶ 20 But this claim is also properly construed as a Crim. P. 35(c) claim because it was not jurisdictional and did not allege an illegal sentence. ¶ 21 Even accepting as true Fletcher’s allegation that he was never formally arraigned on the habitual criminal charges, this claim was waivable and therefore was not jurisdictional. See Horton v. Suthers, 43 P.3d 611, 615 (Colo. 2002) (“[S]ubject-matter jurisdiction is not an issue waivable by the parties . . . .”) ¶ 22 An arraignment is “[t]he initial step in a criminal prosecution whereby the defendant is brought before the court to hear the charges and to enter a plea.” Black’s Law Dictionary 134 (11th ed. 2019). “No irregularity in the arraignment which does not affect the substantial rights of the defendant shall affect the validity of any proceeding in the cause if the defendant pleads to the charge or proceeds to trial without objecting to the irregularity.” § 16-7-203, C.R.S. 2021 (emphasis added); see People v. Swain, 43 Colo. App. 343, 346, 607 P.2d 396, 398-99 (1979) (finding no reversible error where defendant did not object at trial to the lack of arraignment). ¶ 23 Also, the cases on which Fletcher relies — People v. Ziglar, 45 P.3d 1266 (Colo. 2002), and People v. Mason, 643 P.2d 745 (Colo. 
8 1982) — did not involve arraignment issues or jurisdictional claims, and so they do not help him. II. The Crim. P. 35(c) Claims Were Time Barred and Successive ¶ 24 The Crim. P. 35(c) claims were time barred. Under section 16-5-402(1), Fletcher had three years to file the claims after the trial court amended the mittimus in 2008 following his direct appeal. But Fletcher filed the motion at issue in 2017, six years after the deadline, and the exceptions to the time bar under section 16-5-402(2) do not apply here. ¶ 25 The Crim. P. 35(c) claims were also successive under Crim. P. 35(c)(3)(VII). Fletcher could have raised them in a prior proceeding, such as on direct appeal or in his first Crim. P. 35(c) motion, but he failed to do so. None of the exceptions under Crim. P. 35(c)(3)(VII) apply here (including the exception for jurisdictional claims under Crim. P. 35(c)(3)(VII)(d)). III. Conclusion ¶ 26 The order is affirmed. JUDGE LIPINSKY and JUDGE BROWN concur.