23CA1343 Peo v Garrette 03-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1343
City and County of Denver District Court No. 18CR6347
Honorable Alex C. Myers, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kylvito D. Garrette,

Defendant-Appellant.

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Martinez* and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Kylvito D. Garrette, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Kylvito D. Garrette, appeals the district court's order denying his postconviction motion. We affirm, though we do so on different grounds than the district court. *People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (appellate court may affirm district court's ruling on different grounds).

## I.    Background

¶ 2    Garrette pleaded guilty to second degree murder, a class 2 felony, in exchange for the dismissal of several counts and a stipulated sentencing range of thirty-two to forty-eight years in the custody of the Department of Corrections (DOC). On August 16, 2019, the district court sentenced him to forty-four years in the DOC plus five years of mandatory parole.

¶ 3    In May 2023, Garrette filed the postconviction motion at issue here. He captioned the motion under Crim. P. 35(a) and, as we understand him, argued that his sentence was increased in violation of his constitutional rights as articulated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and their progeny. This was so, he asserted, because he had not stipulated to and the prosecution had not proved any extraordinary aggravating circumstances to a jury — namely, a

1

crime of violence sentence enhancer (which he alleged had been dismissed); the absence of heat of passion or provocation; or any other fact that would justify increasing his sentence to the aggravated range.

¶ 4 The district court denied Garrette's motion in a written order. The court observed that second degree murder is a per se crime of violence that doesn't require "separate or additional proof of the elements." The court further explained that the dismissed crime of violence count was not tied to the second degree murder count to which Garrette pleaded guilty. Thus, the court found, Garrette's forty-four-year DOC sentence was not subject to correction under Crim. P. 35(a) because it was "within the *mandatory* range of 16-48 years under [section] 18-1.3-406(1)(a)[, C.R.S. 2024] — meaning it required no additional factual findings by a jury or this Court to reach this range."

## II. Discussion

¶ 5 Garrette contends that the district court erred by denying postconviction relief. He reasserts the aforementioned claims, all grounded in a violation of his constitutional rights. Reviewing the

district court's decision to summarily deny Garrette's motion de novo, *People v. Cali*, 2020 CO 20, ¶ 14, we affirm the order.

### A. Garrette's Claims are Cognizable Under Crim. P. 35(c), not Crim. P. 35(a)

¶ 6     Crim. P. 35(a) permits a court to correct a sentence that was not authorized by law or was imposed without jurisdiction "at any time."  Crim. P. 35(a).  But the substance, and not the caption, of a postconviction motion controls how it is resolved.  *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006).  When a defendant challenges his sentence on grounds that it was imposed in violation of his constitutional rights, his claims fall under Crim. P. 35(c).  *People v. Wenzinger*, 155 P.3d 415, 418 (Colo. App. 2006) (claims that sentence was imposed in an unconstitutional manner are cognizable under Crim. P. 35(c), not Crim. P. 35(a)); *accord Collier*, 151 P.3d at 670-72 (claims challenging the constitutionality of a sentence are cognizable under Crim. P. 35(c)).

¶ 7     That is the case here.  Garrette's motion asserted that his sentence was unlawfully increased in violation of his constitutional rights as articulated by *Apprendi, Blakely*, and their progeny.  He did not assert that his sentence was inconsistent with the statutory

sentencing scheme outlined by Colorado's General Assembly such that it was unauthorized by law. *Wenzinger*, 155 P.3d at 419 (alleging a violation of constitutional rights under *Apprendi* and its progeny fails to state a claim that a sentence was "not authorized by law"). Nor does such alleged constitutional error deprive the court of jurisdiction. *Id.* Thus, we conclude that Garrette's motion was not cognizable under Crim. P. 35(a) but rather was reviewable only under Crim. P. 35(c). *Wenzinger*, 155 P.3d at 419.

### B. Garrette's Claims Were Time Barred

¶ 8 Claims arising under Crim. P. 35(c) are subject to the time bar set forth in section 16-5-402(1), C.R.S. 2024. Except in the case of class 1 felony convictions, a Rule 35(c) claim is time barred if it is filed more than three years after the conviction is final, unless the defendant can establish justifiable excuse or excusable neglect to permit an untimely attack. *See* § 16-5-402(1), (2)(d). Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final on the date of sentencing. *People v. Shepard,* 151 P.3d 580, 582 (Colo. App. 2006). Thus, Garrette had until August 16, 2022 — three years after sentencing — to file his Crim. P. 35(c) claims.

¶ 9     But the instant motion was filed in May 2023 and did not allege facts in support of a justifiable excuse or excusable neglect determination.  Thus, it was time barred.  Accordingly, we perceive no error in the district court's denial of Garrette's motion, though we rest our conclusion on different grounds.  *See People v. Xiong*, 940 P.2d 1119, 1120 (Colo. App. 1997) (if a defendant's motion for postconviction relief is untimely, a court may deny it without a hearing if the defendant has failed to allege facts that, if true, would establish justifiable excuse or excusable neglect); § 16-5-402(1.5) (appellate court may affirm denial of a Crim. P. 35(c) motion on the ground that it was time barred, even if the issue of timeliness was not considered by the postconviction court).

### III.   Garrette's Reply Brief

¶ 10    In his reply brief, Garrette responds to the People's assertion — and our conclusion — that his postconviction claims are not cognizable under Crim. P. 35(a).  He states that he is not claiming that his sentence "violated his constitutional rights under *Apprendi* (though this is true)."  Instead, he argues, his claims are rooted in the Supremacy Clause of the United States Constitution, which in

his view "invalidate[s] every part/component of the sentencing scheme" because it is "contrary to federal law based on *Apprendi.*"

¶ 11 However, the distinction does not change the outcome. As Garrette concedes in his reply brief, his argument presents a constitutional challenge to his sentence and the sentencing scheme upon which it is based — albeit one based on the Supremacy Clause rather than the Sixth and Fourteenth Amendments. As explained, such constitutional challenges are not cognizable under Crim. P. 35(a).

¶ 12 Nor are we persuaded by Garrett's assertion that his sentence was imposed in excess of the court's jurisdiction because the charging document was substantively defective due to its failure to allege a crime of violence count related to second degree murder. Though a trial court might violate *Apprendi* if it bases an enhanced sentence on a fact that was omitted from the charging document and found by the judge, this does not result in a jurisdictional defect. *Wenzinger,* 155 P.3d at 419 (citing *United States v. Cotton,* 535 U.S. 625, 630 (2002)).

IV. Disposition

¶ 13 The order is affirmed.

JUSTICE MARTINEZ and JUDGE TAUBMAN concur.