23CA2010 Peo v Garrette 04-10-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2010
City and County of Denver District Court No. 18CR929
Honorable Christine C. Antoun, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kylvito D. Garrette,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 10, 2025

Philip J. Weiser, Attorney General, Lane Towery, Assistant Attorney General
Fellow, Denver, Colorado, for Plaintiff-Appellee

Kylvito D. Garrette, Pro Se

¶ 1     Defendant, Kylvito D. Garrette, appeals the district court's order denying his postconviction motion.  We affirm, though we do so on different grounds than the district court.  *People v. Vondra,* 240 P.3d 493, 494 (Colo. App. 2010) (appellate court may affirm district court's ruling on different grounds).

I.     Background

¶ 2     Garrette pleaded guilty to second degree murder as a class 2 felony.  In exchange, the prosecution dismissed three counts, including a first degree murder charge.  As part of the plea agreement, Garrette "expressly waive[d his] right to trial by jury on all issues, including any factual issues . . . bear[ing] upon the penalty [he would] receive."  The parties stipulated to a sentencing range of thirty-two to forty-eight years in the custody of the Department of Corrections (DOC), plus five years of mandatory parole.

¶ 3     On September 23, 2019, the trial court sentenced Garrette to forty-four years in the DOC plus the required parole period.  Garrette did not directly appeal.

¶ 4     In May 2023, Garrette filed the postconviction motion at issue here, captioned as a Crim. P. 35(a) motion.  The motion alleged that

1

Garrette's aggravated range sentence was "not authorized by law" because, consistent with the United States Constitution's due process and jury trial guarantees, a jury must find, or a defendant must admit, any facts (other than a prior conviction) underlying an aggravated range sentence. *See generally Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004). In Garrette's case, the motion asserted, he did not admit, nor did the jury find that (1) the decedent was not another participant in the crime; (2) Garrette committed a crime of violence; or (3) Garrette's crime was committed in the absence of provocation or heat of passion.

¶ 5     As we understand it, the motion further argued that the doctrine of preemption, derived from the Supremacy Clause of the United States Constitution, renders Colorado's aggravated range sentencing scheme unconstitutional. Last, the motion challenged Garrette's underlying class 2 felony conviction on the basis that, absent a finding that he did not act under a heat of passion or provocation, he could only be convicted and sentenced for a class 3 felony.

¶ 6    The district court denied the motion in a written order, concluding, among other things, that Garrette's plea expressly waived his constitutional right to have a jury determine aggravating circumstances bearing on his sentence.

## II.    Discussion

¶ 7    Garrette contends that the district court erred by denying postconviction relief.  Reviewing the legality of a sentence and a district court's decision to summarily deny a postconviction motion de novo, *People v. Bassford*, 2014 COA 15, ¶ 20; *People v. Cali*, 2020 CO 20, ¶ 14, we affirm the order.

### A.    Garrette's Claims Are Cognizable Under Crim. P. 35(c) Not Crim. P. 35(a)

¶ 8    The substance, and not the caption, of a postconviction motion controls how it is resolved.  *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006).

¶ 9    Crim. P. 35(a) permits a court to correct, at any time, a sentence that was "not authorized by law" or was "imposed without jurisdiction."  Crim. P. 35(a).  And a court may correct a sentence imposed in an illegal manner within 126 days after sentence is imposed.  *See* Crim. P. 35(a), (b).

¶ 10    But when a defendant challenges his sentence on grounds that it was imposed in violation of his constitutional rights, his claims fall under Crim. P. 35(c). *Collier*, 151 P.3d at 670-72 (claims challenging the constitutionality of a sentence are cognizable under Crim. P. 35(c)). Likewise, challenges to the underlying conviction are cognizable under Rule 35(c). *Hunsaker v. People*, 2021 CO 83, ¶ 21.

¶ 11    Garrette acknowledges that the crux of his motion rested on the premise that his sentence was unlawfully increased in violation of his constitutional rights as articulated by *Apprendi*, *Blakely*, and their progeny. Alleging such a violation fails to state a claim that a sentence was "not authorized by law" as contemplated by Crim. P. 35(a); nor does it state a claim that the sentencing court was deprived of jurisdiction. *People v. Wenzinger*, 155 P.3d 415, 419 (Colo. App. 2006) ("*Apprendi* or *Blakely* error does not undermine a court's statutory authority to impose sentence or otherwise deprive the court of jurisdiction."). And because Garrette filed his motion more than 126 days after he was sentenced, he could not timely claim that his sentence was "imposed in an illegal manner" under Crim. P. 35(a). *See Wenzinger*, 155 P.3d at 418-19. Likewise, to

the extent Garrette's motion challenged the felony classification of his conviction, this is a challenge to the underlying conviction.

¶ 12 Thus, Garrette's motion was not cognizable under Crim. P. 35(a) but rather was reviewable only under Crim. P. 35(c). *Wenzinger*, 155 P.3d at 418-19.

### B. Garrette's Claims Are Time Barred

¶ 13 Claims arising under Crim. P. 35(c) are subject to the time bar set forth in section 16-5-402(1), C.R.S. 2024. Except in the case of class 1 felony convictions, a Rule 35(c) claim is time barred if it is filed more than three years after the conviction is final, unless the defendant can establish justifiable excuse or excusable neglect, or another statutory exception, to permit an untimely attack. *See* § 16-5-402(1), (2)(d). Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final on the date of sentencing. *People v. Shepard*, 151 P.3d 580, 582 (Colo. App. 2006). Thus, Garrette had until September 23, 2022 — three years after sentencing — to file his Crim. P. 35(c) claims.

¶ 14 Because Garrette filed his motion in May 2023 and did not allege facts in support of a justifiable excuse or excusable neglect determination or any other statutory exception, the motion was

5

time barred. Accordingly, we perceive no error in the district court's denial of the motion, though we rest our conclusion on different grounds. *See People v. Xiong*, 940 P.2d 1119, 1120 (Colo. App. 1997) (if a defendant's Crim. P. 35(c) motion is untimely, a court may deny it without a hearing if the defendant has failed to allege facts that, if true, would establish justifiable excuse or excusable neglect); *see also* § 16-5-402(1.5) (an appellate court may affirm the denial of a Crim. P. 35(c) motion on the ground that it was time barred, even if the issue of timeliness was not considered by the postconviction court).

### III. Disposition

¶ 15    The order is affirmed.

JUDGE SCHOCK and JUDGE SULLIVAN concur.