24CA1660 Peo v Nalty 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1660
City and County of Denver District Court No. 17CR10085
Honorable Stephen E. Howard, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Stephen John Nalty,

Defendant-Appellant.

---

ORDER AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE TOW
Lipinsky and Hawthorne, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Philip J. Weiser, Attorney General, Allison S. Block, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Stephen John Nalty, Pro Se

¶ 1    Defendant, Stephen John Nalty, appeals the postconviction court's order denying his "Motion to Correct an Illegal Sentence Pursuant to Crim. P. Rule 35(a)." We affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.

## I.    Background

¶ 2    For several years, Nalty and several other people engaged in an enterprise that participated in a pattern of criminal acts aimed at influencing the decisions of, and retaliating against, a number of Colorado public servants tasked with responsibilities related to legal matters involving a member or members of the enterprise. A statewide grand jury indicted Nalty and seven codefendants on a charge of racketeering under the Colorado Organized Crime Control Act, §§ 18-17-101 to -109 (COCCA), as well as thirty-nine other criminal counts.

¶ 3    A jury convicted Nalty as follows:

| Count Number(s) | Offense |
| --- | --- |
| 1 | Violation of COCCA – pattern of racketeering |
| 2 | Conspiracy to commit violation of COCCA |
| 3-6 12-14 19-21 25-29 37 | Attempt to influence a public servant |
| 7, 15, 23, 31, 38 | Criminal extortion |
| 8, 16, 24, 32, 39 | Conspiracy to commit criminal extortion |
| 9 | First degree offering a false instrument for recording |
| 10, 17, 18, 33 | Retaliation against a judge |
| 11 | Retaliation against a prosecutor |
| 35 | Tax evasion |
| 36 | Failure to file a tax return |

¶ 4 The trial court imposed an aggregate forty-year sentence in the custody of the Department of Corrections (DOC). It imposed concurrent sentences on each count, except for the sentences on counts 1, 10, 17, 21, 23, 25, and 33, which the court imposed consecutively.

¶ 5 Nalty directly appealed the judgment of conviction but subsequently sought to dismiss the appeal. A division of this court granted his request and issued its mandate on January 4, 2019.

¶ 6 In August 2024, Nalty filed a postconviction motion contending that his sentence was illegal. He stated in the motion that he was "only challeng[ing] the court's imposed consecutive

2

sentences for counts 10, 17, 33, 21, 25, and 23." As we understand Nalty's motion, he argued that, under "the doctrine of merger" and the "Fifth, Eighth, and Fourteenth Amendments," those counts "must merge" with each other "for multiple punishment purposes" (merger claim). Citing *Juhl v. People*, 172 P.3d 896 (Colo. 2007), he also appeared to assert that the trial court lacked authority to impose consecutive sentences for those counts because they were part of a continuous course of conduct and, as predicate acts of racketeering underlying the COCCA violation, they rested on the same evidence that underpinned the COCCA conviction (identical evidence claim).

¶ 7    The postconviction court denied the motion, concluding that "the sentence imposed was legal." The court noted that Nalty "present[ed] no authority in support of his position" that concurrent sentencing was required for the challenged counts, and the court said it was aware of none. Further, the postconviction court noted that the special interrogatory for the verdict on the COCCA violation did not list any acts of retaliation against a judge — which was the basis for counts 10, 17, and 33 — as predicate acts of racketeering.

3

## II. The Merger Claim

¶ 8 Nalty reasserts his merger claim on appeal. To the extent there was any ambiguity in his motion, he makes plain in his opening brief that he seeks merger of his convictions on counts 10, 17, 21, 23, 25, and 33. And he explains that his claim is constitutional — specifically, he alleges violations of his state and federal constitutional rights to be free from cruel and unusual punishment, *see* U.S. Const. amend. VIII; Colo. Const., art. II, § 20, and his rights to be free from double jeopardy, specifically multiple punishments for the same offense, *see* U.S. Const. amend. V; Colo. Const., art. II, § 18; *Woellhaf v. People*, 105 P.3d 209, 214 (Colo. 2005).

¶ 9 The People assert that Nalty's merger claim is cognizable only under Crim. P. 35(c) and is therefore procedurally barred. We agree.

¶ 10 The substance, and not the caption, of a postconviction motion controls whether it is considered under Crim. P. 35(a) or Crim. P. 35(c). *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006). The merger doctrine sounds in the constitutional prohibition against double jeopardy, and such constitutional claims

4

are not cognizable under Crim. P. 35(a). *See People v. Henderson*, 810 P.2d 1058, 1062 (Colo. 1991) (merger is "analyzed under double jeopardy principles"). Rather, Crim. P. 35(c) is "the only rule that provides for relief for constitutional claims." *Collier*, 151 P.3d at 672.

¶ 11 Crim. P. 35(c) claims are subject to certain procedural bars. Among other things, a court must deny such claims if they are raised after the three-year time limitation for collateral attacks on non-class 1 felony convictions, unless certain exceptions apply. *See* § 16-5-402(1), (2), C.R.S. 2025.

¶ 12 Nalty did not raise his merger claim until more than five years after his conviction became final when the mandate was issued in his direct appeal in January 2019. *See Hunsaker v. People*, 2021 CO 83, ¶ 36 (for purposes of section 16-5-402(1), a conviction becomes final when the defendant exhausts the direct appeal process and the mandate is issued). And he does not allege that an exception to the time bar applies. *See People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002) (it is the defendant's burden to allege and establish an exception to the time bar set forth in section 16-5-402(1)).

¶ 13    Thus, we agree with the People that Nalty's merger claim is time barred.  § 16-5-402(1.5) ("If an appellate court can determine on the face of the motion, files, and record in a case that a collateral attack is outside the time limits specified in subsection (1) of this section, the appellate court may deny relief on that basis, regardless of whether the issue of timeliness was raised in the trial court.").

## III.    The Identical Evidence Claim

¶ 14    Although Nalty cursorily states in his opening brief that his "sentences should have all been imposed concurrently," it is not clear that he reasserts his identical evidence claim.  Nevertheless, because we broadly construe a pro se defendant's claims, and because we review a sentence's legality de novo, *People v. Cali*, 2020 CO 20, ¶¶ 14, 34, we address this issue.  *See Whiteaker v. People*, 2024 CO 25, ¶¶ 27-28 (courts have the power and the duty to correct an illegal sentence).

¶ 15    Section 18-1-408, C.R.S. 2025, requires concurrent sentencing for crimes "based on the same act or series of acts arising from the same criminal episode" when such crimes are based on identical evidence.  § 18-1-408(2), (3).  However, when

multiple victims are involved, the court may, in its discretion, impose consecutive sentences.  § 18-1-408(3).

¶ 16    The sentences Nalty challenged in his motion — those for counts 10, 17, 21, 23, 25, and 33 — each involved different victims. Counts 10, 17, 21, 25, and 33 each named a different public servant as the victim of that offense.  And although the named victim in count 21 (which charged Nalty with attempting to influence a public servant) also appeared in count 23, the latter count charged criminal extortion and listed eight victims collectively.  Thus, we cannot conclude that counts 10, 17, 21, 23, 25, and 33 rested on identical evidence such that they required sentences concurrent with one another.  *See id.*; *Juhl*, 172 P.3d at 900 ("A sentencing court is mandated to impose concurrent sentences only when the evidence will support no other reasonable inference than that the convictions were based on identical evidence.").

¶ 17    In his motion, Nalty did not expressly challenge the consecutive nature of his sentence on count 1 — the COCCA violation.  Indeed, as noted, his motion stated that it "only challenges the court's imposed consecutive sentences for counts 10,

17, 33, 21, 25, and 23." However, because he noted that some of the consecutively sentenced counts were predicate acts of the racketeering activity described in count 1, we — like the postconviction court — broadly construe his motion to include a claim that his sentence on count 1 should not have been consecutive to his sentences on counts 10, 17, 21, 23, 25, and 33. *Cali*, ¶ 34. We partially agree with this claim.

¶ 18     As noted in the postconviction court's order, the jury did not find that counts 10, 17, and 33 were predicate acts of racketeering. Each of those counts concerned retaliation against a judge, and the special interrogatory for count 1 did not list any such counts as predicate acts of racketeering. Likewise, the indictment expressly stated that counts 10, 17, and 33 were not "enumerated predicate act[s] in support of" count 1. Thus, we can discern no basis — and Nalty offers none — to conclude that the evidence underlying counts 10, 17, and 33 was coextensive with the evidence underlying count 1. Accordingly, we perceive no error in the postconviction court's determination that the law authorized running the sentence on count 1 consecutively to the sentences on counts 10, 17, and 33.

¶ 19    To the contrary, however, the jury found that counts 21, 23, and 25 were all predicate acts of racketeering activity underlying count 1.  And the indictment enumerates these counts, among others, as alleged predicate acts in the pattern of racketeering activity underlying the COCCA violation.

¶ 20    For purposes of section 18-1-408(3), "whether the evidence supporting the offenses is identical turns on whether the charges result from the same act, so that the evidence of the act is identical, or from two or more acts fairly considered to be separate acts, so that the evidence is different."  *Juhl*, 172 P.3d at 902.  Because, in support of count 1, the jury found that the acts alleged in counts 21, 23, and 25 were also acts of racketeering, we conclude that the evidence underlying those counts was identical to the evidence underlying count 1.  Accordingly, Nalty's sentences for counts 21, 23, and 25 must be concurrent with the sentence for count 1.

¶ 21    We are not persuaded otherwise by the People's reference to *People v. Hoover*, 165 P.3d 784 (Colo. App. 2006), in their argument against concurrent sentencing.  The division in that case held that a defendant may be convicted of and sentenced for both a COCCA violation and a separate crime established by an act that the

9

prosecution also used to support the COCCA charge. *Id.* at 798-801. It did not address whether a court must, in such circumstances, impose concurrent sentences for the COCCA violation and the predicate acts. (The sentencing court in *Hoover* imposed consecutive sentences for each of the defendant's predicate offenses, but a concurrent sentence for the COCCA violation. *Id.* at 789.)

## IV. New Claims

¶ 22    Nalty raises several new claims that he did not raise in the postconviction motion that is the subject of this appeal. He asserts that the trial court originally imposed his sentence for count 23 concurrently and subsequently violated his constitutional right against double jeopardy when it amended the mittimus to reflect consecutive sentencing for that count. Because he did not raise this constitutional claim in his postconviction motion, we need not address it. *Cali*, ¶ 34. Likewise, it is time barred. § 16-5-402(1).

¶ 23    Nalty also asserts that the trial court lacked subject matter jurisdiction for various reasons. True, a court may, at any time, correct a sentence that was imposed without subject matter jurisdiction. Crim. P. 35(a); *People v. Wenzinger*, 155 P.3d 415, 418

(Colo. App. 2006) (a sentence is imposed without jurisdiction if it was imposed "in excess of the court's subject matter jurisdiction").

¶ 24     But "[s]ubject matter jurisdiction concerns a court's authority to deal with the class of cases in which it renders judgment." *People v. Sims*, 2019 COA 66, ¶ 14.  A court has subject matter jurisdiction when "it has been empowered to entertain the type of case before it by the sovereign from which the court derives its authority."  *Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011). Article VI, section 9(1) of the Colorado constitution vests district courts, such as the trial court here, with original jurisdiction in all criminal cases.  *Sims*, ¶ 14.

¶ 25     As pertinent here, the district court's jurisdiction is invoked by the filing of a legally sufficient indictment.  *Id.* at ¶ 15.  "An indictment is sufficient if it alleges sufficient facts to permit the accused to prepare an adequate defense and to assure that the defendant cannot be prosecuted again for the same crime."  *Id.* at ¶ 16.  Thus, an indictment is legally sufficient if it identifies the essential elements of the crimes charged in the language of the statute.  *Id.*

¶ 26    Nalty asserts that (1) the elected Attorney General whose name appeared on the indictments did not have an oath of office filed with the Secretary of State; (2) the indictment was not signed by the grand jury foreman; (3) the judge who presided over Nalty's trial resided in a county other than the county in which Nalty was tried; (4) the chief judge's subsequent recusal nullified the indictment and the arrest warrant he had previously approved and signed; and (5) FBI agents performed a search at Nalty's home without a valid search warrant. Even if true, these circumstances would not undermine the legal sufficiency of the indictment.

¶ 27    Thus, we perceive no basis to conclude that the trial court lacked subject matter jurisdiction. And to the extent Nalty attempts to fortify his jurisdictional claims in his reply brief, we do not consider such arguments. *People v. Owens*, 2024 CO 10, ¶ 90 ("[I]t is well-settled that an appellate court will not consider arguments raised for the first time in a reply brief . . . .").

### V.    Hearing and the Appointment of Counsel

¶ 28    Nalty asserts that the postconviction court erred because it did not (1) hold an evidentiary hearing "upon finding that counts 10, 17, and 33 were not predicate offenses" and (2) appoint counsel

12

"because an investigation would be required to correct errors based on the indictments." We disagree.

¶ 29 The record clearly shows that counts 10, 17, and 33 were neither alleged nor found to be predicate acts supporting the COCCA violation. *Cf. People v. Flagg*, 18 P.3d 792, 795 (Colo. App. 2000) (in Crim. P. 35(c) context, "[t]he court is not required to conduct a hearing if the motion, files, and the record clearly establish that the defendant is not entitled to relief"); *see also* Crim. P. 35(a) (setting forth no circumstances under which a hearing is required); *People v. Dunlap*, 222 P.3d 364, 367 (Colo. App. 2009) (concluding that "[n]o evidentiary hearing would be necessary in [the] event" that the appellate court remanded the case and the defendant recaptioned his claims under Crim. P. 35(a)). And having concluded that the allegations related to errors in the indictment would provide no basis for relief, we cannot conclude that the postconviction court was required to appoint counsel on this basis (especially when, as here, Nalty did not assert these jurisdictional defect claims in his postconviction motion).

## VI.    Disposition

¶ 30    The order is affirmed in part and reversed in part.  The case is remanded for the trial court to amend the mittimus to reflect that the sentences on counts 21, 23, and 25 are concurrent with the sentence on count 1.  This reduces Nalty's aggregate sentence from forty years to twenty-eight years because the sentences on each of counts 10, 17, 21, 23, 25, and 33 are appropriately consecutive to one another, and the sentence on count 1 is appropriately consecutive to counts 10, 17, and 33.

JUDGE LIPINSKY and JUDGE HAWTHORNE concur.