The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

George **MOORE–EL**, Defendant–
Appellant.

No. 05CA1444.

Colorado Court of Appeals,
Div. II.

March 22, 2007.

John W. Suthers, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

George Moore–El, Pro Se.

Opinion by Judge CRISWELL.*

Defendant, George Moore–El, appeals the trial court's order denying his Crim. P. 35(a) motion to correct an illegal sentence. We affirm.

In July 1993, defendant and his accomplice robbed six Winchell's donut shops at gunpoint in Denver, Adams, and Jefferson Counties. This case arises from the robbery occurring on July 24, 1993 in Jefferson County.

In October 1994, defendant pleaded guilty to one count of aggravated robbery, under § 18–4–302, C.R.S.2006, a class three felony. The trial court imposed a sentence of thirty-two years in the Department of Corrections, concurrent with two twelve-year consecutive sentences that defendant had received for similar robberies in Denver.

On February 1, 2005, defendant filed a Crim. P. 35(a) motion for the correction of an illegal sentence, which was denied, from which order defendant appeals.

## I.

Defendant makes several contentions related to his providency hearing and sentencing: that the trial court erred in sentencing him in the aggravated range based on facts admitted in the providency hearing; that the sentencing court did not properly explain the elements of the crimes which were used to aggravate his sentences; that the People introduced facts which the sentencing court used improperly to aggravate his sentence; and that he did not voluntarily, knowingly, and intelligently admit using or threatening to use a deadly weapon. Defendant contends that all these assertions are cognizable under Crim. P. 35(a). We disagree.

Crim. P. 35(a) provides: "The court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

■ "The substance of a postconviction motion controls whether it is designated as a Crim. P. 35(a) or 35(c) motion." *People v. Collier*, 151 P.3d 668, 670 (Colo.App.2006); *see People v. Green*, 36 P.3d 125 (Colo.App. 2001). An illegal sentence is one that is inconsistent with the terms specified by statutes. *People v. Green, supra*, 36 P.3d at 126. Under Crim. P. 35(a), a court may correct an illegal sentence at any time. Indeed, a trial court has the duty to set aside an illegal sentence.

■ "In contrast, Crim. P. 35(c) permits motions for postconviction relief from convictions obtained in violation of the Constitution or the laws of the United States or the constitution or laws of Colorado. Thus, mo-

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

tions that challenge the validity of a defendant's plea or the manner in which it was taken are properly brought under Crim. P. 35(c)." *People v. Rockwell,* 125 P.3d 410, 414 (Colo.2005) (citation omitted).

Section 16–5–402(1), C.R.S.2006, provides that claims for postconviction relief in cases involving felonies other than class one felonies must be filed within three years of the date the conviction becomes final, unless the defendant can establish justifiable excuse or excusable neglect for the late filing. *See* § 16–5–402(2)(d), C.R.S.2006. If an appellate court determines from the face of the motion and by the record that a collateral attack is outside the statutory time limits, the appellate court may deny relief on that basis, whether or not the issue of timeliness was raised in the trial court. Section 16–5–402(1.5), C.R.S.2006.

■ Moreover, a mere general assertion of justifiable excuse or excusable neglect is insufficient to overcome the statute's limitation. *People v. Salinas,* 55 P.3d 268, 270 (Colo.App.2002).

■ Here, defendant was sentenced in October 1994; there was no direct appeal, and the time limitation for claims for postconviction relief expired in October 1997. In defendant's February 2005 motion, he challenged the validity of his plea and the manner in which the plea and sentence were implemented. He presented no claims that the sentence was inconsistent with the terms specified by the statutes. Therefore, his claims are cognizable only under Crim. P. 35(c), not as claims of illegality under Crim. P. 35(a).

■ In addition, defendant alleged no justifiable excuse or excusable neglect, even in a general way, and alleged no facts that, if true, would establish justifiable excuse or excusable neglect. Hence, his assertions are time barred by § 16–5–402(1), and the trial court properly denied his motion.

## II.

Defendant also contends that the trial court erred in concluding, after an abbreviated proportionality review, that his sentence was not disproportional. We conclude that this contention is time barred as well.

■ The principle of proportionality is grounded in the Eighth Amendment, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see Close v. People,* 48 P.3d 528, 532 (Colo.2002). Upon a timely request, a defendant is entitled to an abbreviated proportionality review of his or her sentence. *People v. Reese,* 155 P.3d 477 (Colo. App. 2006); *see People v. Deroulet,* 48 P.3d 520, 524 (Colo.2002).

■ An abbreviated proportionality review involves a comparison of the gravity of the offense with the severity of the punishment. Whether a crime is grave or serious depends upon the harm caused or threatened to the victim or to society and the culpability of the offender. Some offenses are per se grave and serious for purposes of proportionality review, including aggravated robbery. *People v. Deroulet, supra; People v. Reese, supra.*

■ It is only if the abbreviated proportionality review raises an inference of gross disproportionality that a reviewing court conducts a further extended proportionality review. *People v. Patnode,* 126 P.3d 249, 260 (Colo.App.2005). But, in most instances, the abbreviated proportionality review will not result in a finding that the sentence was disproportionate. *People v. Deroulet, supra; People v. Reese, supra.*

■ Here, defendant requested a proportionality review more than ten years after his sentencing. We have concluded that the other claims raised in his postconviction motion are properly cognizable under Crim. P. 35(c), and are, therefore, time barred. Defendant's request for a proportionality review is a challenge to the constitutionality of his sentence under the Eighth Amendment, rather than an allegation that his sentence did not comport with the statutory framework. Therefore, we conclude that the limitation period of § 16–5–402, C.R.S.2006, is also applicable to defendant's request for a proportionality review. *See People v. Talley,* 934 P.2d 859, 860 (Colo.App.1996)(§ 16–5–402 applied to pro-

portionality review of sentence imposed pursuant to habitual criminal sentencing). Again, defendant has alleged no facts that, if true, would demonstrate justifiable excuse or excusable neglect.

We conclude, therefore, that defendant's request for such a review is also barred by the pertinent statute.

The order is affirmed.

Judge ROTHENBERG and Judge TERRY concur.