23CA0960 Peo v Walker 08-01-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0960 Weld County District Court No. 10CR2120 Honorable Allison J. Esser, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Scott David Walker, Defendant-Appellant. ORDER AFFIRMED Division III Opinion by JUDGE DUNN Moultrie and Bernard*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 1, 2024 Philip J. Weiser, Attorney General, Brock J. Swanson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Thomas K. Carberry, Clearwater, Florida, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Scott David Walker, appeals the postconviction court’s order denying on the merits his request for a proportionality review under Crim. P. 35(c). Because we conclude that Walker’s latest petition is both time barred and successive, we affirm. I. Background ¶ 2 In 2012, Walker pleaded guilty to attempted first degree murder of a peace officer and second degree burglary. The plea agreement included a stipulated sentencing range of twenty-five to forty-five years in prison. Consistent with the plea agreement, the district court sentenced Walker to forty-five years for the attempted first degree murder conviction and a concurrent twenty-four years for the second degree burglary conviction. ¶ 3 Walker didn’t directly appeal his conviction or sentence. But he did file a couple of motions for sentence reconsideration under Crim. P. 35(b), which the district court denied. Walker didn’t appeal those denials. ¶ 4 In 2015, Walker filed a postconviction petition under Rule 35(c), alleging that plea counsel was ineffective by failing to adequately explore defenses related to insanity and intoxication. 
2 After a hearing, the postconviction court denied the petition. Walker appealed, and a division of this court affirmed. People v. Walker, (Colo. App. No. 16CA2057, Apr. 12, 2018) (not published pursuant to C.A.R. 35(e)). ¶ 5 In 2019, Walker filed another postconviction petition, ostensibly under Crim. P. 35(a), arguing that his sentence was illegal and unconstitutional. In a written order, the postconviction court denied the petition. Walker appealed, and a division of this court affirmed, concluding that the claims were properly construed under Rule 35(c) and thus time barred. People v. Walker, (Colo. App. No. 19CA1970, Sept. 23, 2021) (not published pursuant to C.A.R. 35(e)). ¶ 6 In 2022, Walked filed his latest postconviction petition (2022 petition), this time seeking a proportionality review of his sentence. After a hearing, the postconviction court conducted an abbreviated proportionality review and concluded that Walker’s sentence was not grossly disproportionate. And it denied his request for a reduced sentence. 
3 II. The 2022 Petition is Time Barred and Successive ¶ 7 Walker contends that the postconviction court erred by denying the 2022 petition because, in his view, the court failed to consider his mental state at the time he committed the crimes. We’re unable to address Walker’s claim on the merits, however, because the 2022 petition is time barred and successive. ¶ 8 Walker’s request for a proportionality review is a challenge to the constitutionality of his sentence under the Eighth Amendment and, thus, is cognizable under Rule 35(c). See People v. Castillo, 2022 COA 20, ¶ 38; accord People v. Moore-El, 160 P.3d 393, 395 (Colo. App. 2007); see also Crim P. 35(c)(2)(I) (A defendant may challenge, among other things, a “sentence imposed in violation of the Constitution.”). ¶ 9 Rule 35(c) claims are subject to procedural bars: (1) absent justifiable excuse or excusable neglect, postconviction challenges to non-class 1 felonies must be brought within three years of the conviction becoming final, see § 16-5-402(1), (2)(d), C.R.S. 2023; and (2) subject to certain exceptions, the court “shall deny any claim” that is successive — that is, a claim that was raised and 
4 resolved, or could have been presented, in a previous appeal or postconviction proceeding, Crim. P. 35(c)(3)(VI), (VII); see also People v. Taylor, 2018 COA 175, ¶ 17 (explaining the language directing a court to deny successive postconviction claims is “mandatory rather than permissive”). ¶ 10 Because Walker filed the 2022 petition a decade after his conviction became final, his claim is time barred. See Crim. P. 35(c)(3)(I); § 16-5-402(1). And because Walker could have challenged the constitutionality of his sentence in his first Rule 35(c) petition, the postconviction court was required to deny the 2022 petition as successive. See Crim. P. 35(c)(3)(VII). ¶ 11 Still, Walker contends that the prosecution waived the procedural bars because it didn’t raise them before the postconviction court. But the postconviction court was required to deny the motion as successive, and we will affirm a “denial of a Rule 35 motion on any ground supported by the record, even if the district court did not consider or contemplate that ground.” People v. Hamm, 2019 COA 90, ¶ 23; see also § 16-5-402(1.5) (stating an appellate court may deny relief if it determines that a collateral 
5 attack is untimely, regardless of whether the postconviction court considered timeliness). ¶ 12 And to the extent Walker asserts that Rule 35(c) doesn’t apply to proportionality claims under the Eighth Amendment, we disagree. After all, Rule 35(c) specifically allows a defendant to challenge a conviction to “correct a violation of his constitutional rights.” Crim. P. 35(c)(3). Walker doesn’t explain — and we don’t see — why Rule 35(c)’s procedural bars would apply to some constitutional claims but not Eighth Amendment claims. See People v. McDonald, 2023 COA 23, ¶¶ 8-24 (concluding proportionality claims were properly denied under Rule 35(c) as successive or untimely) (cert. granted Nov. 14, 2023); People v. Vondra, 240 P.3d 493, 494 (Colo. App. 2010) (noting the district court properly rejected the defendant’s claims regarding the “constitutionality of his sentence as successive”); see also Coleman v. Thompson, 501 U.S. 722, 729-32 (1991) (explaining that, under the independent and adequate state ground doctrine, state procedural rules can bar federal habeas review of federal constitutional claims); LeBere v. Abbott, 732 F.3d 1224, 1233 n.13 
6 (10th Cir. 2013) (collecting unpublished cases determining that Rule 35(c)(3)(VII) is an independent and adequate state ground capable of barring review of federal constitutional claims). ¶ 13 Finally, insofar as Walker argues we should consider his proportionality challenge because Wells-Yates v. People, 2019 CO 90M, announced a new rule of constitutional law, see Crim. P. 35(c)(3)(VII)(c), he didn’t raise that argument before the postconviction court. While we won’t address an argument raised for the first time on appeal, see People v. Huggins, 2019 COA 116, ¶ 17, we recognize that a division of this court has rejected this argument, see McDonald, ¶¶ 8-24 (holding that Wells-Yates didn’t create a new substantive rule of constitutional law that should be applied retroactively). ¶ 14 Because the 2022 petition is time barred and successive, we conclude that the postconviction court didn’t err by denying it. III. Disposition ¶ 15 We affirm the order. JUDGE MOULTRIE and JUDGE BERNARD concur.