23CA2036 Peo v Taylor 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2036
City and County of Denver District Court Nos. 09CR999 & 09CR1194
Honorable Kandace C. Gerdes, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

John Taylor,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Yun and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

John Taylor, Pro Se

¶ 1    Defendant, John Taylor, appeals the postconviction court's denial of the Crim. P. 35(c) motion he filed in two district court cases.  We affirm.

## I.    Background

¶ 2    In 2009, Taylor pleaded guilty to two class 4 felony counts of sexual assault on a child (one in Denver District Court Case No. 09CR999 and one in Denver District Court Case No. 09CR1194) in exchange for the dismissal of multiple other counts.  The district court sentenced him to concurrent indeterminate terms of twelve years to life in the custody of the Department of Corrections.  Taylor was also designated a sexually violent predator.

¶ 3    On direct appeal, a division of this court affirmed Taylor's sentences and remanded to correct the mittimus to reflect his presentence confinement credit.  *People v. Taylor*, (Colo. App. No. 13CA0038, Feb. 12, 2015) (not published pursuant to C.A.R. 35(f)). The mandate was issued on August 17, 2015.

¶ 4    From 2015 to 2017, Taylor filed multiple Crim. P. 35 motions in both cases, which were all denied.

¶ 5    On June 9, 2023 — nearly eight years after the direct appeal mandate was issued — Taylor filed the Crim. P. 35(c) motion at

issue here. He argued that his sentence violated double jeopardy and due process because he had completed the lower end (twelve years) of his indeterminate sentence and, therefore, his confinement "no longer serve[d] retributive goals, but rather rehabilitative civil ends."

¶ 6     The postconviction court denied Taylor's motion without a hearing, finding that the motion was untimely, successive, bare and conclusory, and meritless.

## II.     Analysis

¶ 7     Taylor contends that the postconviction court erred by denying his motion, reiterating his argument that his sentence violates double jeopardy because it "serves goals which are civil." Specifically, he argues that (1) "the order is deficient in the way of addressing [his] assertions"; (2) "the outcome would be different" if we were to apply *Kansas v. Hendricks*, 521 U.S. 346 (1997), *Hudson v. United States*, 522 U.S. 93 (1997), and *United States v. Ward*, 448 U.S. 242 (1980); and (3) prior court of appeals decisions are inapplicable because he "has served[ ]out the lower-end term making his argument ripe."

¶ 8    Because his motion was untimely, we affirm the postconviction court's denial of the motion.

### A.    Standard of Review

¶ 9    We review de novo the denial of a Crim. P. 35(c) motion without a hearing.  *See People v. Cali*, 2020 CO 20, ¶ 14.  A court may deny a Crim. P. 35(c) motion without a hearing when the motion, files, and record establish that a defendant's allegations are without merit and do not warrant postconviction relief.  Crim. P. 35(c)(3)(IV); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

### B.    Taylor's Motion Is Time Barred

¶ 10    For non-class 1 felony convictions, a postconviction court must deny any Crim. P. 35(c) claim as untimely if the defendant raised the claim more than three years after the defendant's conviction became final.  *See* § 16-5-402(1), C.R.S. 2024.  Where, as here, a defendant filed a direct appeal, the defendant's conviction becomes final upon the issuance of the mandate.  *See Hunsaker v. People*, 2021 CO 83, ¶ 36.  A defendant may pursue a Crim. P. 35(c) motion outside the three-year period only if a statutory exception applies.  § 16-5-402(2).  A defendant must allege in the motion facts that, if true, would establish a statutory exception, such as

justifiable excuse or excusable neglect for the late filing. Crim. P. 35(c)(3)(I); *People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002).

¶ 11    The mandate in Taylor's direct appeal was issued on August 17, 2015. Thus, Taylor was permitted to file Crim. P. 35(c) claims until August 17, 2018. But Taylor did not file the postconviction motion at issue until June 9, 2023 — nearly five years after the deadline. His motion is therefore time barred.

¶ 12    In his motion, Taylor asserted that his claim was exempt from the rule's time limits because his sentence is not authorized by law. True, a defendant can challenge an illegal sentence at any time. Crim. P. 35(a). However, Taylor's claim is not that his sentence of twelve years to life is not authorized by the sentencing statutes, but rather that, as he has served the lower end of his sentence, his continued confinement violates his double jeopardy rights. *See People v. Moore-El*, 160 P.3d 393, 394 (Colo. App. 2007) (The substance of a postconviction motion controls its proper designation under Crim. P. 35.) That claim is properly construed as a Crim. P. 35(c) claim. *See People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006).

¶ 13    And because Crim. P. 35(c)'s time bar applies, Taylor had to allege facts establishing an exception to the rule's three-year deadline. *See* § 16-5-402(2), C.R.S. 2024. He did not explain, though, why he filed his motion five years late.

¶ 14    Accordingly, we conclude that the postconviction court did not err by denying Taylor's motion as untimely.

¶ 15    Because the timeliness of Taylor's motion is dispositive, we need not decide whether the motion was successive, bare and conclusory, or meritless.

### III.    Disposition

¶ 16    The order is affirmed.

JUDGE YUN and JUDGE KUHN concur.