24CA0499 Peo v Herrington 06-12-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0499
Douglas County District Court No. 12CR122
Honorable Natalie Girard Stricklin, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Waymon Paul Herrington,

Defendant-Appellant.

ORDER AFFIRMED

Division A
Opinion by JUSTICE MARTINEZ*
Román, C.J., and Taubman*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 12, 2025

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Waymon Paul Herrington, Pro Se

*Sitting by assignment of the Chief Justice under provisions of the Colo. Const.
art. VI, § 5(3) and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Waymon Paul Herrington, appeals the district court order denying his most recent postconviction motion.  We affirm.

## I.     Background

¶ 2     Herrington pleaded guilty to two counts of aggravated robbery — both class 3 felonies and extraordinary risk crimes — and stipulated that his sentence could be aggravated based on the facts of the offense and his criminal history.  He further agreed to an aggregate prison sentence of between twenty and thirty-two years.  In November 2012, the district court imposed concurrent twenty-eight-year sentences in the custody of the Department of Corrections.  Herrington subsequently filed seven postconviction motions seeking to reduce his sentence.  The district court denied each motion, finding that Herrington's sentence was appropriate and legal and, in many instances, that the motion was untimely and successive.

¶ 3     In January 2024, Herrington filed the motion for proportionality review at issue here — an eighth collateral attack on his sentence.  Reading the pro se motion broadly, as we must, we perceive it to contend that (1) his sentence was unconstitutionally

disproportionate in light of *Wells-Yates v. People*, 2019 CO 90M; and (2) the district court should consider the merits of this untimely claim because *Wells-Yates* announced a new rule of constitutional law that applied retroactively. *See People v. Cali*, 2020 CO 20, ¶ 34 (appellate courts broadly construe pro se motions).

¶ 4     The district court construed his motion as a Crim. P. 35(c) motion and summarily denied it as untimely, without justifiable excuse or excusable neglect. We agree with the district court.

## II.     Applicable Law and Standard of Review

¶ 5     A Crim. P. 35(c) motion must be filed within three years of a defendant's conviction for a non-class 1 felony offense. § 16-5-402(1), C.R.S. 2024; Crim. P. 35(c)(3)(I). But there is an exception to this time bar when the defendant's "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d). When, as in this case, the defendant does not directly appeal, the conviction "occurs when the trial court enters judgment and sentence is imposed." *People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006).

2

¶ 6     We review de novo whether the facts alleged in a Crim. P. 35(c) motion, if true, would constitute justifiable excuse or excusable neglect. *People v. Hinojos*, 2019 CO 60, ¶ 12. A Crim. P. 35(c) motion may be summarily denied when the motion, files, and record clearly establish that the defendant's allegations do not warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

## III.    Application

¶ 7     As an initial matter, we conclude that the district court properly construed Herrington's motion as a Crim. P. 35(c) motion. *See People v. Moore-El*, 160 P.3d 393, 395 (Colo. App. 2007) (a request for proportionality review is properly cognizable under Crim. P. 35(c)).

¶ 8     Next, because Herrington filed his motion more than eleven years after his conviction, we conclude that the motion is untimely under section 16-5-402(1). Herrington contends that the district court should have nevertheless considered the merits of his motion because he alleged facts that, if true, would show justifiable excuse or excusable neglect for filing his motion filed more than four years after *Wells-Yates* was announced. We disagree.

¶ 9 As we understand his motion and appellate brief, Herrington wholly relies on the argument that his claim is excused from the time bar because the proportionality discussion in *Wells-Yates* announced a new rule of substantive constitutional law. *See People v. Rainer*, 2013 COA 51, ¶ 29 (holding that a new rule of substantive constitutional law can constitute justifiable excuse for failing to timely file a postconviction claim), *rev'd on other grounds*, 2017 CO 50. This argument fails because last year, the Colorado Supreme Court held that *Wells-Yates* does not apply retroactively to cases on collateral review. *See McDonald v. People*, 2024 CO 75, ¶ 34. Thus, *Wells-Yates* does not apply to Herrington's case, its announcement does not excuse the untimely filing of a collateral attack on his sentence, and his request for a proportionality review is time barred.

¶ 10 Finally, to the extent Herrington raised any additional claims in his eighth postconviction motion, we do not consider them because he did not allege justifiable excuse or excusable neglect for those untimely claims. *See* § 16-5-402(2)(d). Moreover, the motion is successive, and "Rule 35 proceedings are intended to prevent injustices after conviction and sentencing, not to provide perpetual

4

review." *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996); *see* Crim. P. 35(c)(3)(VI), (VII) (barring successive claims).

## IV. Disposition

¶ 11    The order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE TAUBMAN concur.