24CA0840 Peo v Arvelo 08-14-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0840
El Paso County District Court No. 10CR1735
Honorable Jill M. Brady, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Obdulio Arvelo,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE MOULTRIE
Kuhn, J., concurs
Berger*, J. specially concurs

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Obdulio Arvelo, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Obdulio Arvelo, appeals the district court's order denying his motion for a proportionality review.  We affirm.

## I.     Background

¶ 2     In 2011, a jury convicted Arvelo of theft by receiving property worth $20,000 or more, a class 3 felony, and possession of burglary tools, a class 5 felony.  The district court adjudicated him a habitual criminal based on three prior felonies: theft in 1994, a class 4 felony; first degree trespass of a dwelling in 2009, a class 5 felony; and identity theft in 2009, a class 4 felony.

¶ 3     The district court sentenced Arvelo to a controlling term of forty-eight years in the custody of the Department of Corrections.

¶ 4     Arvelo directly appealed, and a division of this court affirmed his convictions and sentence.  *People v. Arvelo*, (Colo. App. No. 12CA2220, Feb. 4, 2016) (not published pursuant to C.A.R. 35(f)) (*Arvelo I*).  The mandate was issued on August 26, 2016.

¶ 5     In July 2017, Arvelo filed a timely Crim. P. 35(c) motion, asserting ineffective assistance of counsel.  The district court denied the motion without a hearing.

¶ 6     Approximately two weeks after the denial, Arvelo filed a motion requesting an abbreviated proportionality review of his sentence.  In

part, he claimed that in 2013, the General Assembly reclassified his triggering offense of theft by receiving and his predicate offense of theft to lower class felonies, and he was entitled to the benefits of the amendatory legislation. The district court denied this motion as untimely, after which Arvelo filed a motion to reconsider the ruling. In reconsidering its ruling, the court denied the motion requesting an abbreviated proportionality review as successive.

¶ 7     A division of this court affirmed the denial of both motions, concluding that Arvelo's motion for an abbreviated proportionality review was successive because he could have raised the claim in his first Crim. P. 35(c) motion. *People v. Arvelo*, (Colo. App. No. 18CA0138, Oct. 3, 2019) (not published pursuant to C.A.R. 35(e)) (*Arvelo II*).

¶ 8     From 2020 through 2022, Arvelo filed numerous additional unsuccessful postconviction motions, some of which he appealed. *See People v. Arvelo*, (Colo. App. No. 21CA0957, Aug. 25, 2022) (not published pursuant to C.A.R. 35(e)) (*Arvelo III*); *People v. Arvelo*, (Colo. App. No. 22CA2159, Dec. 14, 2023) (not published pursuant to C.A.R. 35(e)) (*Arvelo IV*). Several of those motions included challenges to the proportionality of his sentence or requests for a

proportionality review, which were denied as untimely, successive, or both.

¶ 9 Before the mandate in the last appeal issued, Arvelo filed another motion for a proportionality review in March 2024. He argued that two of his predicate offenses, theft and identity theft, were now misdemeanors following legislative changes, and therefore could not be used to adjudicate him as a habitual criminal. He also again asserted that his triggering offense of theft by receiving had been reclassified to a lower level felony in 2013. The district court denied the motion without a hearing as untimely and successive, finding that Arvelo "has argued his entitlement to a proportionality review in nearly all of his post-conviction motions."

## II.    Discussion

¶ 10 On appeal, Arvelo contends that the district court erred by denying his 2024 motion for a proportionality review without a hearing as time barred and successive.[1] We disagree.

---

[1] In his opening brief, Arvelo says that he filed a motion seeking proportionality review in December 2022 that "is now the subject of this appeal." However, per his notice of appeal, he is appealing the order issued on March 22, 2024, that denied his proportionality review motion filed on March 13, 2024. Moreover, the record does not contain a motion filed in December 2022.

## A.	Standard of Review

¶ 11	A request for a proportionality review is cognizable under Crim. P. 35(c).  *People v. Moore-El*, 160 P.3d 393, 395 (Colo. App. 2007).  We review de novo the denial of a Crim. P. 35(c) motion without a hearing.  *People v. Cali*, 2020 CO 20, ¶ 14.

## B.	Arvelo's Motion Is Time Barred

¶ 12	Where, as here, a defendant filed a direct appeal, the defendant's conviction becomes final upon the issuance of the mandate.  *See Hunsaker v. People*, 2021 CO 83, ¶ 36.  Absent justifiable excuse or excusable neglect, the time limit for filing postconviction challenges to non-class 1 felony convictions is three years after the date the conviction becomes final.  *See* § 16-5-402(1), (2)(d), C.R.S. 2024.

¶ 13	Here, the mandate was issued on August 26, 2016, which afforded Arvelo until August 26, 2019, to file Crim. P. 35(c) motions. He filed his latest request for a proportionality review in 2024, almost five years too late.  It is therefore time barred.

¶ 14	Arvelo asserts he is excused from the timeliness procedural bar for several reasons, which he did not raise in his motion for a proportionality review.  *See People v. Hinojos*, 2019 CO 60, ¶ 14 (a

4

defendant who invokes the justifiable excuse or excusable neglect exception must allege in his motion facts that, if true, would entitle him to relief).  Although we generally do not review issues not raised in the district court, *see Cali*, ¶ 34, we do so in this instance in the interest of judicial efficiency because no further factual development is required, *see People v. Chase*, 2013 COA 27, ¶ 77.

¶ 15     Arvelo first argues that he is excused from the timeliness procedural bar because he in fact filed a timely request for a proportionality review in 2017, which the district court erroneously denied as untimely.  However, the district court reconsidered its first ruling on that motion and determined that it was instead barred as successive because Arvelo could have raised the proportionality claim in his first Crim. P. 35(c) motion.  And this ruling was affirmed on appeal in *Arvelo II*.

¶ 16     Arvelo also asserts an exception from the timeliness bar because he has not been given a "meaningful opportunity to be heard" and because courts should consider legislative amendments in proportionality proceedings.  Neither of these assertions constitute justifiable excuse or excusable neglect for the untimely filing of his motion.  *See People v. Wiedemer*, 852 P.2d 424, 440-41

5

(Colo. 1993) (listing nonexhaustive factors relevant to evaluating justifiable excuse or excusable neglect, including whether circumstances prevented defendant's timely challenge to a conviction or whether defendant had any previous need to challenge a conviction and either knew that it was constitutionally infirm or had reason to question its validity); *Cali*, ¶ 13 ("[D]efendants are not entitled to the benefit of amendatory legislation when they first seek relief based on that legislation after their convictions are final, even if the legislation went into effect before their convictions became final."); *Moore-El*, 160 P.3d at 395 (a general assertion of justifiable excuse or excusable neglect is insufficient to overcome the time bar).

¶ 17    Accordingly, the district court did not err by denying Arvelo's motion as time barred.

## C.    Arvelo's Motion Is Successive

¶ 18    A court must deny a Crim. P. 35(c) claim as successive if the claim was raised, or could have been raised, in a previous appeal or postconviction proceeding.  Crim. P. 35(c)(3)(VI), (VII).  The language of the rule "is mandatory rather than permissive." *People v. Taylor*, 2018 COA 175, ¶ 17.

6

¶ 19    Because Arvelo's request for a proportionality review was raised in multiple prior Crim. P. 35(c) motions, it is also barred as successive.

¶ 20    Arvelo asserts that his motion is excused from the successiveness procedural bar because his request for a proportionality review has not been "fully and finally litigated." While he did not assert any exceptions to the successiveness bar in his motion for a proportionality review, we again exercise our discretion to review this claim in the interest of judicial efficiency. *See Chase*, ¶ 77.

¶ 21    Arvelo cites *People v. Hubbard*, 519 P.2d 945 (Colo. 1974); *People v. Wimer*, 681 P.2d 967 (Colo. App. 1983); and *People v. Billips*, 652 P.2d 1060 (Colo. 1982), for the proposition that a Crim. P. 35(c) claim cannot be denied as successive if it has not been fully or finally litigated or resolved on the merits in a prior proceeding. But these cases were based on a legal standard that predated amendments to Crim. P. 35 in 2004. *See Taylor*, ¶ 13 (concluding that Crim. P. 35(c)(3)(VII) has superseded *Hubbard*). Prior to 2004, Crim. P. 35(c)(3) stated that "[t]he court need not entertain a second motion or successive motions for similar relief based upon the same

or similar allegations on behalf of the same prisoner." Crim. P. 35(c)(3) (1999). But in 2004, Crim. P. 35(c)(3)(VI) and (VII) were added, which bar a claim as successive "that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant" and a claim "that could have been presented in an appeal previously brought or postconviction proceeding previously brought," subject to certain exceptions. When Arvelo first requested a proportionality review in 2017, the district court denied the claim as successive because he could have raised it in his first Crim. P. 35(c) motion (a decision that was affirmed on appeal in *Arvelo II*). *See* Crim. P. 35(c)(3)(VII). And the claim is successive now because he raised it in prior postconviction motions. *See* Crim. P. 35(c)(3)(VI).

¶ 22 For these reasons, we conclude that the district court did not err by denying Arvelo's motion as successive.

### D. Denial of a Hearing

¶ 23 Arvelo contends that he was erroneously denied a hearing on his motion because he presented sufficient factual allegations to support his claim. However, a district court may deny a Crim. P. 35(c) motion without a hearing if the motion, files, and record of the

case clearly show that the defendant is not entitled to relief. Crim. P. 35(c)(3)(IV). Here, the motion, files, and record clearly show that Arvelo's motion is time barred and successive. He was therefore not entitled to a hearing.

## III. Disposition

¶ 24    The order is affirmed.

JUDGE KUHN concurs.

JUDGE BERGER specially concurs.

JUDGE BERGER, specially concurring.

¶ 25    Both the district court's orders and this court's opinion, which I reluctantly join, reek of some of the absurdities that were comically illustrated more than sixty years ago in Joseph Heller's novel, Catch-22, and the motion picture of the same name.

¶ 26    But unlike the fictional character in Catch-22, Obdulio Arvelo is a real person serving a real sentence. The convictions at issue on this appeal were theft by receiving property worth $20,000 or more, a class 3 felony, and possession of burglary tools, a class 5 felony. He was sentenced as a habitual criminal to forty-eight years in prison based on three prior felony convictions — theft in 1994; first degree trespass of a dwelling in 2009; and identity theft in 2009.

¶ 27    I do not minimize either the seriousness of these offenses, or the number of convictions. At the same time, it is appropriate to observe that these crimes are far from the apex of crimes defined in the criminal code. More importantly, it is undisputed that the sentence imposed would have been unlawful if imposed today based on the General Assembly's intervening amendments to the criminal code.

¶ 28 Because of Arvelo's various procedural missteps and defaults, no court has ever determined whether Arvelo's sentence was constitutionally proportionate to his crimes. As a citizen, it seems obvious to me that a court should, once and for all, determine whether his sentence was constitutionally proportionate. But as a judge, I am bound by supreme court rules and precedents, which the court's opinion correctly apply.

¶ 29 Given the many difficulties in prevailing on a proportionality review, perhaps Arvelo would lose such a challenge if he were given the opportunity to make such a challenge. But at least he should have an opportunity to have a court adjudicate such a challenge on the merits.