25CA0307 Peo v Campbell 11-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0307
Arapahoe County District Court No. 05CR1568
Honorable Joseph Whitfield, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

George Campbell,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE YUN
Freyre and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

George Campbell, Pro Se

¶ 1    Defendant, George Campbell, appeals the district court's order summarily denying his most recent postconviction motion.  We affirm.

## I.    Background

¶ 2    Nearly twenty years ago, Campbell pleaded guilty to aggravated robbery, a class 3 felony.  He was sentenced in May 2007, and he did not directly appeal the judgment of conviction.

¶ 3    In 2010 and 2018, Campbell unsuccessfully sought postconviction relief pursuant to Crim. P. 35(c).  In the 2018 proceedings, the district court denied relief on the basis that Campbell's claims were time barred and successive.

¶ 4    In January 2025, Campbell filed another postconviction motion.  He asserted that his plea was not knowing, voluntary, and intelligent because (1) he was not competent at the time of his Crim. P. 11 advisement; and (2) in the course of that advisement, no one explained to him that he would not be eligible for "any earned time on his charges," resulting in what amounted to "a virtual life sentence for a man of his age."

¶ 5     The district court denied the motion, concluding that it was cognizable under Crim. P. 35(c) but, as with the 2018 motion, it was both time barred and successive.

## II.     Discussion

¶ 6     Campbell contends that the district court erred by construing his most recent motion "as an exten[s]ion of his [2018] motion."  He reasserts his claim that his guilty plea was not knowing, voluntary, or intelligent.  We discern no error.

¶ 7     We review de novo a district court's decision to deny a Crim. P. 35(c) motion without a hearing.  *People v. Cali*, 2020 CO 20, ¶ 14. We also review de novo whether a Crim. P. 35(c) claim is time barred or successive.  *People v. Bonan*, 2014 COA 156, ¶ 16; *People v. Thompson*, 2020 COA 117, ¶ 42.

¶ 8     As a factual matter, we reject the premise that the district court construed Campbell's 2025 motion as an "extension" of his 2018 motion.  Nowhere in the district court's order do we see such a determination.  Instead, the court "liberally construe[d] the pleading," concluded that it was a "subsequent" Crim. P. 35(c) motion, and denied it "on the same grounds" as the 2018 motion — namely, timeliness and successiveness.

¶ 9       Further, we perceive no error in the district court's legal conclusions.

¶ 10      A postconviction claim that a defendant's guilty plea was not knowing, voluntary, or intelligent is, as the district court determined, cognizable under Crim. P. 35(c).  *People v. Rockwell,* 125 P.3d 410, 414 (Colo. 2005) (challenges to the validity of a guilty plea, or the manner in which it was taken, are cognizable under Crim. P. 35(c)); *People v. Moore-El,* 160 P.3d 393, 395 (Colo. App. 2007) (same).

¶ 11      But Crim. P. 35(c) imposes specific procedural requirements that a person seeking relief under the rule must follow.

¶ 12      First, a defendant convicted of a non-class 1 felony must file a Crim. P. 35(c) motion within three years of his conviction becoming final.  § 16-5-402(1), C.R.S. 2025.  Any motion filed outside this time limit must allege facts which, if true, would establish one of the exceptions to timeliness listed in section 16-5-402(2).  Crim. P. 35(c)(3)(I); *see also* § 16-5-402(2)(a)-(d) (listing the "only exceptions to the time limitations specified in subsection (1) of this section").

¶ 13      Campbell's conviction became final upon sentencing in May 2007.  *See, e.g., People v. Shepard,* 151 P.3d 580, 582 (Colo. App.

2006) ("A conviction is final on the date the defendant's direct appeal has been exhausted if an appeal is pursued, or on the date of sentencing if no appeal is pursued."). He therefore had until May 2010 to file any Crim. P. 35(c) claims. His 2025 Crim. P. 35(c) motion is time barred because it was filed fifteen years too late and did not allege any facts supporting an exception to the time limitation.[1]

¶ 14    Second, absent exceptions not applicable here, a court "shall" deny as successive any claim that was previously raised and resolved, or could have been presented in an earlier postconviction proceeding. Crim. P. 35(c)(3)(VI)–(VII). To the extent Campbell did not raise his 2025 postconviction claims during either his 2010 or 2018 Crim. P. 35(c) proceedings, he could have. Accordingly, his claims are also successive, and the district court did not err by so concluding.

---

[1] True, Campbell's motion appeared to rely on the "recency of" *People v. Guyton*, 999 N.W.2d 393 (Mich. 2023), to argue that the district court should accept and consider his motion. But he did not tether this assertion to a claim that an exception to timeliness applied. And, in any event, Colorado courts are not bound by opinions of the Michigan Supreme Court.

4

### III. Disposition

¶ 15    The order is affirmed.

JUDGE FREYRE and JUDGE PAWAR concur.